**WO**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| QUECHAN INDIAN TRIBE OF THE FORT YUMA INDIAN RESERVATION, a federally recognized Indian Tribe, | No.: CV07-0677-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| U.S. DEPARTMENT OF THE INTERIOR, ET AL., | |
| Defendants. | |

Pending before the Court is Wellton-Mohawk Irrigation and Drainage District's Motion to Dismiss[1] (Doc. # 39), which requests dismissal of Plaintiff's Complaint for Injunctive Relief under Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.  Also pending before the Court is Arizona Clean Fuels Yuma, LLC and Glenn McGinnis's Motion to Dismiss Complaint for Injunctive Relief (Doc. # 42), which requests dismissal of Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.     BACKGROUND**

The Wellton-Mohawk Irrigation and Drainage District (the "District"), an Arizona municipal corporation created in 1951, provides domestic water, electrical power, flood

---

[1]While not titled as such, the motion also seeks dismissal of Defendant Charles W. Slocum, the General Manager of the Wellton-Mohawk Irrigation and Drainage District.

1   control, and other community services to the Wellton and Mohawk Valleys in or about Yuma,

2   Arizona.  The District is part of the federal Gila Project.  Pursuant to contracts entered into with

3   the Secretary of the Interior, the District is responsible for operation, maintenance, and repair

4   of extensive irrigation and drainage works and facilities, including 378 miles of canals, laterals,

5   and return flow channels.  Construction of the District's works and facilities involved a

6   financial commitment by the District under a repayment contract with the United States.  The

7   District has fully repaid the project construction costs relating to the works and facilities in the

8   District and was provided a certificate of discharge on November 27, 1991.

9       In 1998, the District and the U.S. Bureau of Reclamation ("BOR") signed a

10  Memorandum of Agreement ("MOA") covering the details of a Title Transfer, from BOR to

11  the District, involving the works, facilities and lands of the District.  The Title Transfer

12  includes all works and facilities for which the District has made full repayment.  The Title

13  Transfer also includes additional BOR lands withdrawn from public use and BOR lands within

14  or adjacent to the District acquired by the United States under certain public laws.  The

15  additional lands are not part of the District's operations and the District is obligated to pay the

16  appraised fair market value for the lands.

17      In 2000, the Wellton-Mohawk Transfer Act was enacted and authorized the Title

18  Transfer as set forth in the MOA.  Thereafter, BOR analyzed the environmental and cultural

19  impacts of the proposed Title Transfer.[2]  In December 2006, BOR published its Final

20  Environmental Impact Statement ("FEIS"), which addressed the environmental and cultural

21  effects of the proposed title transfer.  The FEIS evaluated two alternatives, specifically a "No

22  Action Alternative" providing that "facilities of the Wellton-Mohawk Division of the Gila

23  Project and lands owned by Reclamation within or adjacent to the Gila Project would remain

24

25  ─────────────

26      [2]The sufficiency of the analysis forms the central dispute between the parties, but is not
    pertinent to the Court's discussion of the motions to dismiss.

1   in federal ownership" and a "Proposed Action/Preferred Alternative" providing that

2   "Reclamation would transfer title to the facilities of the Division and lands within or adjacent

3   to the Gila Project to the District."  *See* Doc. # 46, Part 4, p. 57.

4       On March 26, 2007, approximately three months after BOR's publication of the FEIS,

5   BOR issued its Record of Decision ("ROD") selecting the "Proposed Action/Preferred

6   Alternative" and providing that the Title Transfer would occur by quit claim deed in multiple

7   conveyances.  On the same date, BOR transferred to the District approximately 39,000 acres

8   of land.  Also on the same date, the District conveyed to Arizona Clean Fuels Yuma, LLC

9   ("ACF") 1,460 acres of the transferred land for potential construction of an oil refinery.  BOR

10  retained approximately 8,000 acres of land subject to the Title Transfer.

11      On March 30, 2007, the Quechan Indian Tribe of the Fort Yuma Indian Reservation

12  ("Plaintiff") filed a Complaint for Injunctive Relief against numerous federal Defendants[3] and

13  non-federal Defendants.[4]  In the Complaint, Plaintiff alleges that BOR violated the National

14  Environmental Policy Act of 1969, 42 U.S.C. § 4332, *et seq*. ("NEPA") and the National

15  Historic Preservation Act, 16 U.S.C. § 470, *et seq*. ("NHPA") by failing to properly analyze

16  the potential environmental and cultural resources impact resulting from the transfer of the

17  federal land to the District.  Plaintiff also alleges that BOR violated the Wellton-Mohawk

18  Transfer Act of 2000 by transferring federal land for purposes of developing an oil refinery.

19  Finally, Plaintiff alleges that BOR violated the Administrative Procedures Act, 5 U.S.C. §

20  

21      [3]The federal Defendants are: (1) U.S. Department of the Interior; (2) Dirk Kempthorne, as Secretary of the Interior; (3) U. S. Bureau of Reclamation; (4) Robert W. Johnson, as

22  Commissioner, U.S. Bureau of Reclamation; (5) Larry Walkoviak, as Acting Regional Director, Lower Colorado Region, U.S. Bureau of Reclamation; (6) Jayne Harkins, as Acting

23  Regional Director, Lower Colorado Region, U.S. Bureau of Reclamation; and (7) Jim Cherry,

24  as Area Manager, Yuma Area Office, U.S. Bureau of Reclamation.

25      [4]The non-federal Defendants are: (1) Wellton-Mohawk Irrigation and Drainage District;

26  (2) Charles W. Slocum, as Wellton-Mohawk General Manager; (3) Arizona Clean Fuels Yuma, LLC; and (4) Glenn McGinnis, as Chief Executive Officer, Arizona Clean Fuels Yuma, LLC.

706(2)(A) ("APA"), by engaging in actions that are not in accordance with law.

For relief, Plaintiff seeks an injunction prohibiting the federal Defendants from transferring title to any works, facilities, or lands that are subject of the MOA, the Wellton-Mohawk Transfer Act, or the ROD until BOR complies with the NEPA, NHPA, and APA. Plaintiff also seeks an injunction prohibiting the District from transferring to any third party the lands that are subject of the Complaint and prohibiting the District or any of its transferees, including ACF, from engaging in any land disturbing activities of any kind on such lands prior to BOR's compliance with the NEPA, NHPA and APA.  Finally, Plaintiff seeks an order voiding the property conveyances from BOR to the District and from the District to ACF to the extent necessary to ensure BOR's compliance with the NEPA, NHPA and APA.

## II.    LEGAL STANDARD

The non-federal Defendants move for dismissal under Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.  The non-federal Defendants argue that they cannot be named as defendants in a compliance action under the NEPA and NHPA and that, accordingly, Plaintiff's Complaint against them should be dismissed.  However, the non-federal Defendants fail to provide any legal analysis to assist the Court in determining whether dismissal, if appropriate, is properly based on a lack of jurisdiction over the subject matter (Rule 12(b)(1)), a lack of jurisdiction over the person (Rule 12(b)(2)), the failure to state a claim upon which relief can be granted (Rule 12(b)(6)), or a combination of two or more of the defenses.  While the issue presented may contain elements of both subject matter jurisdiction and the failure to state a claim upon which relief can be granted, as the Ninth Circuit has recognized:

> Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. . . .  If the court . . . exercise[s] its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

1   *Cement Masons Health & Welfare Trust Fund for Northern California v. Stone*, 197 F.3d 1003,

2   1008 (9th Cir. 1999) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)); *see also Steel Co. v.*

3   *Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) ("It is firmly established in our cases

4   that the absence of a valid (as opposed to arguable) cause of action does not implicate subject

5   matter jurisdiction, *i.e.*, the courts' statutory or constitutional *power* to adjudicate the case.").

6   Here, the non-federal Defendants contend that no cause of action lies against non-federal

7   parties in a NEPA/NHPA case.  Thus, the non-federal Defendants' motions will be analyzed

8   under Rule 12(b)(6) for the failure to state a claim upon which relief can be granted.

9       The Court may not dismiss a claim under Rule 12(b)(6) "unless it appears beyond doubt

10  that the plaintiff can prove no set of facts in support of his claims which would entitle him to

11  relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (citing *Buckley v. Los Angeles*,

12  957 F.2d 652, 654 (9th Cir. 1992)).  A motion to dismiss for failure to state a claim is

13  disfavored and rarely granted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir.

14  1997). "All that is required are sufficient allegations to put defendants fairly on notice of the

15  claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  Further, the

16  Court must construe the facts alleged in the Complaint in the light most favorable to Plaintiff

17  and the Court must accept all well-pleaded factual allegations as true. See *Shwarz v. United*

18  *States*, 234 F.3d 428, 435 (9th Cir. 2000).  Nonetheless, Plaintiff must still meet the pleading

19  requirements of Rule 8 of the Federal Rules of Civil Procedure.  Under Rule 8, the

20  counterclaims must contain, "a short and plain statement of the claim showing that the pleader

21  is entitled to relief."  Finally, the Court must assume that all general allegations "embrace

22  whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified*

23  *School District*, 37 F.3d 517, 521 (9th Cir. 1994).

24  **III.   DISCUSSION**

25      Plaintiff's Complaint does not state a cause of action against the non-federal Defendants

26  or otherwise allege that any of the non-federal Defendants violated any laws.  The entire

1    Complaint is directed to the activity of the federal Defendants and their alleged violation of the

2    NEPA, NHPA and APA.  At oral argument, Plaintiff, through its counsel, conceded that it has

3    no cause of action against the non-federal Defendants.  Despite the absence of such a cause of

4    action, Plaintiff has asserted a claim for affirmative relief against the non-federal Defendants

5    in the form of an injunction.  Clearly, since Plaintiff cannot state a cause of action against the

6    non-federal Defendants, its claim for injunctive relief against the non-federal Defendants must

7    fail under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

8         In an attempt to resurrect its claim for injunctive relief against the non-federal

9    Defendants and retain their presence in this action, Plaintiff argues that the non-federal

10   Defendants are properly joined in this action pursuant to Rule 19(a) of the Federal Rules of

11   Civil Procedure.  Specifically, Plaintiff argues that it cannot obtain complete relief absent

12   joinder of the non-federal Defendants and that the non-federal Defendants' interest in the lands

13   that are made subject of this case could be impaired or impeded in their absence.

14        Rule 19(a) provides, in relevant part:

15              A person who is subject to service of process and whose joinder
                will not deprive the court of jurisdiction over the subject matter of
16              the action shall be joined as a party in the action if (1) in the
                person's absence complete relief cannot be accorded among those
17              already parties, or (2) the person claims an interest relating to the
                subject of the action and is so situated that the disposition of the
18              action in the person's absence may (i) as a practical matter impair
                or impede the person's ability to protect that interest or (ii) leave
19              any of the persons already parties subject to a substantial risk of
                incurring double, multiple, or otherwise inconsistent obligations
20              by reason of the claimed interest.

21        Rule 19(b) provides if a person meeting the requirements of subdivision (a) cannot be

22   made a party:

23              [T]he court shall determine whether in equity and good conscience
                the action should proceed among the parties before it, or should be
24              dismissed, the absent party being thus regarded as indispensable.
                The factors to be considered by the court include: first, to what
25              extent a judgment rendered in the person's absence might be
                prejudicial to the person or those already parties; second, the
26              extent to which, by protective provisions in the judgment, by the

-6-

shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Under Ninth Circuit case law, the application of Rule 19 involves "three successive inquiries." *EEOC v. Peabody Western Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005).

First, the court must determine whether a nonparty should be joined under Rule 19(a). We and other courts use the term "necessary" to describe those "[p]ersons to [b]e [j]oined if [f]easible." . . . Absentees whom it is desirable to join under Rule 19(a) are "persons having an interest in the controversy, and who ought to be made parties, in order that the court may act[.]"

If an absentee is a necessary party under Rule 19(a), the second stage is for the court to determine whether it is feasible to order that the absentee be joined. Rule 19(a) sets forth three circumstances in which joinder is not feasible: when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction.

Finally, if joinder is not feasible, the court must determine at the third stage whether the case can proceed without the absentee, or whether the absentee is an "indispensable party" such that the action must be dismissed. As the Advisory Committee Note explains, Rule 19 uses "the word 'indispensable' only in a conclusory sense, that is, a person is 'regarded as indispensable' when he cannot be made a party and, upon consideration of the factors [in Rule 19(b)], it is determined that in his absence it would be preferable to dismiss the action, rather than to retain it." Indispensable parties under Rule 19(b) are "persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience."

*Id.* at 779-80 (citations omitted).

The Court concludes that the non-federal Defendants are necessary parties under Rule 19(a)(2)(i) because their interest in the lands that are made subject of this action could be impaired or impeded in their absence.[5] To determine whether the non-federal Defendants are

---

[5]Because the Court concludes the non-federal Defendants are necessary parties as contemplated by Rule 19(a)(2)(i), the Court pretermits discussion of whether, pursuant to Rule

"necessary" parties under Rule 19(a)(2)(i), the Court "must determine whether the absent party has a *legally protected interest* in the suit." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). "If a legally protected interest exists, the court must further determine whether that interest will be *impaired or impeded* by the suit." *Id.*

The requirement of a legally protected interest is generally satisfied when "the interest is protectable under some law, and . . . there is a relationship between the legally protected interest and the claims at issue." *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993).[6] Further, the Ninth Circuit, in an action seeking federal compliance with the NEPA as well as injunctive relief, determined that the claims to which the legally protected interest must relate is not limited to the liability portion of the action, but includes the remedial portion as well:

> when . . . the injunctive relief sought by plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests, that party satisfies the "interest" test of Fed.R.Civ.P. 24(a)(2); he has a significantly protectable interest that relates to the property or transaction that is the subject of the action.

*Forest Conservation Council v. U.S. Forest Service*, 66 F.3d 1489, 1494 (9th Cir. 1995); *see also Kettle Range Conservation Group v. BLM*, 150 F.3d 1083, 1086 (9th Cir. 1998) (concluding, in a NEPA case, that once private parties took title to the land at issue, they became necessary parties with respect to the injunctive relief sought because the court could

---

19(a)(1), the non-federal Defendant's absence may prevent complete relief among those already parties.  Further, because Plaintiff argues that it can only obtain complete relief if the non-federal Defendants are enjoined from conducting land disturbing activities on the lands at issue, which relief the Court concludes, under *Peabody*, *infra*, to be improper, discussion of Rule 19(a)(1) is not warranted.

[6]While *Sierra Club* involved intervention as of right under Rule 24(a) of the Federal Rules of Civil Procedure, the Court agrees with the District that the "significantly protectable interest" requirement under Rule 24(a) and the "legally protected interest" requirement under Rule 19(a) involve the same considerations.

-8-

1  not grant complete relief without impairing or impeding their interests).[7]

2  In this case, BOR transferred to the District approximately 39,000 acres of land, which

3  land is made subject of this action, on March 26, 2007.  On the same date, the District

4  conveyed to ACF 1,460 acres of the transferred land for potential construction of an oil

5  refinery.  As a result, the non-federal Defendants are the fee simple owners of approximately

6  39,000 acres of the land made subject of this action.

7  In addition to seeking federal compliance with the NEPA and NHPA and certain

8  injunctive relief, Plaintiff seeks an order voiding the property conveyances from BOR to the

9  District and from the District to ACF.  On this record, the Court finds that the non-federal

10  Defendants have legally protected interests because they have property rights, as fee simple

11  owners, that are protected under Arizona state law.  Further, the Court finds that the legally

12  protected interests relate to the relief sought by Plaintiff because the voiding of the property

13  conveyances, if granted, will have "direct, immediate, and harmful effects" upon the non-

14  federal Defendants' ownership of the lands at issue.

15  Additionally, the Court finds that the non-federal Defendants' absence may impair or

16  impede their ability to protect their interests.  As noted, one of the goals of the present litigation

17  is to undue the property conveyances from BOR to the District and from the District to ACF.

18  Since, under 5 U.S.C. § 706(2)(A), the Court has the power to set aside agency actions under

19  certain circumstances, the absence of the non-federal Defendants will prevent them from

20  advancing arguments in support of the conditions under which the property conveyances were

21  made.  As the Ninth Circuit has stated, where litigation threatens to impair contractual interests

22  "a party to [the] contract is necessary, and if not susceptible to joinder, indispensable to

23  litigation seeking to decimate that contract."  *Dawavendewa v. Salt River Project Agric.*

24

25

26  [7]The Court, in citing certain case law, does not intend such citation to evidence the Court's acceptance of or agreement with all statements of law or conclusions contained therein.

1   *Improvement & Power Dist.*, 276 F.3d 1150, 1157 (9th Cir. 2002).   That the federal

2   Defendants, also parties to the property conveyances, might advance arguments supporting the

3   property conveyances does not change the Court's conclusion.   *See Wilbur v. Locke*, 423 F.3d

4   1101, 1113-14 (9th Cir. 2005) (rejecting argument that other party to contract will adequately

5   represent absent party's interest in defending the contract).   Thus, the Court finds that the non-

6   federal Defendants are necessary parties because, under Rule 19(a)(2)(i), their legally

7   protectable interests in the lands at issue could be impaired or impeded in their absence.

8           Because the Court concludes that the non-federal Defendants are "necessary" parties

9   under Rule 19(a)(2)(i), the Court must next determine whether it is feasible to join the non-

10  federal Defendants.   In reaching a decision on this issue, the Court relies on the Ninth Circuit's

11  opinion in *EEOC v. Peabody Western Coal Co.*, 400 F.3d 774 (9th Cir. 2005).[8]   In *Peabody*,

12  the EEOC sued Peabody Western Coal Company ("Peabody") for maintaining a Navajo hiring

13  preference at mines that Peabody leased from the Navajo Nation.   Peabody allegedly

14  maintained the Navajo hiring preference because such a requirement was contained in the lease

15  agreements between Peabody and the Navajo Nation.   Because of the lease agreements,

16  Peabody argued that the Navajo Nation, not named as a defendant, was a necessary party under

17  Rule 19 of the Federal Rules of Civil Procedure.   Peabody also argued that dismissal of the

18  action was appropriate because it was not feasible to join the Navajo Nation and the Navajo

19  Nation was an indispensable party.   The district court agreed and dismissed the entire action.

20          On appeal, the Ninth Circuit agreed that the Navajo Nation was a necessary party under

21  Rule 19 and that the EEOC had no cause of action against the Navajo Nation.   However, the

22  Ninth Circuit reversed dismissal of the case, ultimately holding "that where the EEOC asserts

---

24          [8]While relying on *Peabody*, the Court has reviewed and considered all of the other cases
    cited by the parties.   However, the Court declines to base its decision on the other cases, which

25  contain inconsistent and irreconcilable conclusions.   In contrast, the Court finds that *Peabody*
    provides the most thoughtful and logical analysis of Rule 19 and the ability to join a party

26  against whom a cause of action does not exist.

a cause of action against Peabody and seeks no affirmative relief against the Nation, joinder of the Nation under Rule 19 is not prevented by the fact that the EEOC cannot state a cause of action against it." *Peabody*, 400 F.3d at 778.

The Ninth Circuit based its holding on the finding that "a plaintiff's inability to state a direct cause of action against an absentee does not prevent the absentee's joinder under Rule 19." *Id*. at 781.  This finding, in turn, was based on the decisions set forth in *Beverly Hills Federal Savings and Loan Ass'n v. Webb*, 406 F.2d 1275 (9th Cir. 1969) (finding that a person may be joined as a party under former Rule 19(b) to accord complete relief between those already parties, even though no present party asserted a grievance against such person), *National Wildlife Federation v. Espy*, 45 F.3d 1337 (9th Cir. 1995) (finding that private parties could be named as defendants along with federal agencies even though no cause of action existed against the private parties), and *International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977) (finding that a party properly remains in the litigation, even though there was no cause of action against it, so that full relief may be awarded plaintiff).  Likening the case before it to the foregoing decisions, the Ninth Circuit stated:

> As in *Teamsters*, *Espy*, and *Webb*, the EEOC has no claim against the party it seeks to join and is not seeking any affirmative relief directly from that party.  Joinder is necessary for the "sole purpose" of effecting complete relief between the parties . . . by ensuring that both Peabody and the Nation are bound to any judgment upholding or striking down the challenged lease provision.  Because the EEOC is not seeking to hold the Navajo Nation liable under Title VII, we reject Peabody's argument that our reading of Rule 19 conflicts with the Rules Enabling Act's restriction that the federal rules of civil procedure "shall not abridge, enlarge or modify any substantive right."  28 U.S.C. § 2072(b).  Joinder of the Nation does not, and cannot, create any substantive rights that the EEOC may enforce against the Nation, and the EEOC does not contend otherwise.

*Id*. at 783 (citation omitted).

Concluding, the Ninth Circuit found that its interpretation of Rule 19 comports with the purpose and text of the Rule, stating:

-11-

The Northern District of California provided a succinct statement of this purpose when it explained that "[b]y definition, parties to be joined under Rule 19 are those against whom no relief has been formally sought but who are so situated as a practical matter as to impair either the effectiveness of relief or their own or present parties' ability to protect their interests." *Eldredge v. Carpenters 46 Northern California Counties Joint Apprenticeship and Training Committee*, 440 F.Supp. 506, 518 (N.D.Cal. 1977). The Nation fits this definition--it is a party against which relief has not formally been sought but is so situated that effectiveness of relief for the present parties will be impaired if it is not joined. We hold that its joinder is feasible.

*Id*. at 783-84.

Considering the Ninth Circuit's opinion in *Peabody*, the Court concludes that the application of Rule 19 does not resurrect the claim for injunctive relief against the non-federal Defendants. As *Peabody* instructs, joinder of the non-federal Defendants, against whom no cause of action exists, cannot create substantive rights that Plaintiff may enforce against the non-federal Defendants. Instead, Plaintiff may only join the non-federal Defendants so long as Plaintiff seeks no affirmative relief against them. However, Plaintiff seeks affirmative relief against the non-federal Defendants in the form of the injunction prohibiting the District from transferring to any third party the lands that are subject of the Complaint and prohibiting the non-federal Defendants from engaging in any land disturbing activities of any kind on such lands. Under *Peabody*, the absence of a cause of action against the non-federal Defendants renders improper Plaintiff's attempt to join the non-federal Defendants and seek affirmative relief against them.

Nonetheless, the Court concludes that dismissal of the entire Complaint against the non-federal Defendants is not warranted. Plaintiff seeks additional relief that is not directed against the non-federal Defendants such that their joinder is appropriate under Rule 19. Specifically, Plaintiff seeks to void the property conveyances from BOR to the District and from the District to ACF. The Court appears to have the power to set aside agency actions, including the property conveyances, under 5 U.S.C. § 706(2)(A), and such relief, if granted, would be

-12-

1  directed only against the federal agency.  That the Court could set aside the property

2  conveyances mandates joinder of the non-federal Defendants under Rule 19.  As *Peabody*

3  instructs, joinder of the non-federal Defendants is proper because the non-federal Defendants'

4  legally protectable interests in the lands at issue could be impaired or impeded in their absence.

5       For the foregoing reasons, the Court will dismiss Plaintiff's claim for injunctive relief

6  against the non-federal Defendants.  However, the Court will not dismiss the entire Complaint

7  against the non-federal Defendants because they are properly joined under Rule 19 of the

8  Federal Rules of Civil Procedure as to Plaintiff's claim that the property conveyances should

9  be voided.

10       Accordingly,

11       **IT IS ORDERED** that Wellton-Mohawk Irrigation and Drainage District's Motion to

12  Dismiss (Doc. # 39) is GRANTED in part and DENIED in part consistent with this Order;

13       **IT IS FURTHER ORDERED** that Arizona Clean Fuels Yuma, LLC and Glenn

14  McGinnis's Motion to Dismiss Complaint for Injunctive Relief (Doc. # 42) is GRANTED in

15  part and DENIED in part consistent with this Order.

16       DATED this 12th day of July, 2007.

17

18

19

20  _____

21  James A. Teilborg
    United States District Judge

22

23

24

25

26

-13-