**WO**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| QUECHAN INDIAN TRIBE OF THE FORT YUMA INDIAN RESERVATION, a federally recognized Indian Tribe, | No.: CV07-0677-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| U.S. DEPARTMENT OF THE INTERIOR, ET AL., | |
| Defendants. | |

Pending before the Court are Plaintiff's Motion for Injunction Pending Appeal (Doc. # 91), Plaintiff's Motion for Stay of District Court Proceedings Pending Appeal (Doc. # 92), and Federal Defendants' Renewed Motion to Allow Non-Electronically Filed Administrative Record (Doc. # 109).

**I.      Motion for Injunction**

Plaintiff moves for an injunction pending its appeal of the Court's June 29, 2007, Order denying Plaintiff's application for a preliminary injunction and the Court's July 12, 2007, Order granting in part and denying in part the non-federal Defendants' motions to dismiss.  Plaintiff, pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, seeks to preserve the status quo

1  pending the appeal by enjoining the Defendants from transferring any Transfer Lands or

2  conducting any ground disturbing activities on the Transfer Lands, except as may be necessary

3  for the operation of the Wellton-Mohawk Irrigation and Drainage District in the ordinary

4  course of business.

5       Rule 62(c) of the Federal Rules of Civil Procedure allows the Court to "grant an

6  injunction during the pendency of an appeal upon such terms as to bond or otherwise as it

7  considers proper for the security of the rights of the adverse party." Fed. R. Civ. P. 62(c). The

8  factors regulating the issuance of an injunction during the pendency of an appeal are the same

9  as those employed when considering a motion for preliminary injunction. *Tribal Village of*

10  *Akutan v. Hodel*, 859 F.2d 662, 663 (9th Cir. 1988). Under Ninth Circuit law,

> "[t]he standard for granting a preliminary injunction balances the plaintiff's likelihood of success against the relative hardship to the parties." We have described two sets of criteria for preliminary injunctive relief. Under the "traditional" criteria, a plaintiff must show "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." Alternatively, a court may grant the injunction if the plaintiff "demonstrates *either* a combination of probable success on the merits and the possibility of irreparable injury *or* that serious questions are raised and the balance of hardships tips sharply in his favor."

> As we have said many time regarding the two alternative formulations of the preliminary injunction test: "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. They are not separate tests but rather outer reaches of a single continuum."

*Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005) (citations omitted);

*see also Akutan*, 859 F.2d at 663 (quoting *Los Angeles Memorial Coliseum Comm's v. NFL*,

634 F.2d 1197, 1201 (9th Cir. 1980) ("the moving party must demonstrate 'either (1) a

combination of probable success on the merits and the possibility of irreparable injury or (2)

that serious questions are raised and the balance of hardships tips sharply in its favor.'").

-2-

1       At this stage of the proceedings,

2               Several courts have observed that the success on the merits factor
                cannot be rigidly applied, because if it were, an injunction would
3               seldom, if ever, be granted because the district court would have
                to conclude that it was probably incorrect in its determination on
4               the merits.  Rather, district courts properly stay their own orders
                when they have ruled on an admittedly difficult legal question and
5               when the equities of the case suggest that the status quo should be
                maintained.  An injunction is frequently issued where the trial
6               court is charting a new and unexplored ground and the court
                determines that a novel interpretation of the law may succumb to
7               appellate review.

8       *Protect Our Water v. Flowers*, 377 F.Supp.2d 882, 884 (E.D. Cal. 2004) (internal quotations

9       and citations omitted).

10      Regarding the "success on the merits" factor, the Court refuses to deviate from its

11      findings and conclusions set forth in its June 29, 2007, Order.  Accordingly, for the reasons

12      set forth in that Order, the Court declines to enter an injunction pending the appeal under the

13      "success on the merits" factor.

14      Regarding the "serious questions" factor, the Court does not find that either of its

15      Orders "charted new and unexplored ground" or rendered a "novel interpretation of the law."

16      Specifically, in the June 29, 2007, Order, the Court concluded, *inter alia*, that the Bureau of

17      Reclamation did not violate the National Environmental Policy Act or the National Historic

18      Preservation Act.  As stated in *Protect Our Water*, the "[r]eview of whether an agency decision

19      violated environmental statutes does not present novel legal issues." *Id.*  In the July 12, 2007,

20      Order, the Court concluded that a plaintiff, in the absence of a cause of action, cannot seek

21      affirmative relief against a defendant under Rule 19 of the Federal Rules of Civil Procedure.

22      To the Court, this statement appears axiomatic.  Accordingly, the Court declines to issue an

23      injunction under the "serious questions" factor.

24      **II.     Motion for Stay**

25      Plaintiff also moves the Court for an order staying further proceedings in this action

26      pending completion of Plaintiff's appeal.  Plaintiff argues that a stay will promote judicial

-3-

1   economy and prevent the risk of inconsistent verdicts.  According to the parties, the decision

2   to stay further proceedings in this action is solely a matter of the Court's discretion.

3         As such, the Court, in its discretion, concludes that the continued progression of the

4   instant proceedings to a final conclusion will better serve judicial economy. *See Sports Form,*

5   *Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982) ("in many cases, appeal of

6   a district court's preliminary injunctions will result in unnecessary delay to the parties and

7   inefficient use of judicial resources").  Accordingly, the Court declines to stay further

8   proceedings in this action pending completion of Plaintiff's appeal.

9   **III.    Motion to Allow Non-Electronically Filed Administrative Record**

10         The federal Defendants seek permission from the Court to allow them to non-

11   electronically file the administrative record.  The federal Defendants claim that the record is

12   too large to file electronically and have lodged with the Court four CD-ROMS containing the

13   administrative record.  While the Court will grant the motion, the Court will require the federal

14   Defendants to file a paper copy of the administrative record in addition to the CD-ROM

15   version.

16   **IV.    Conclusion**

17         For the foregoing reasons,

18         **IT IS ORDERED** that Plaintiff's Motion for Injunction Pending Appeal (Doc. # 91)

19   is DENIED;

20         **IT IS FURTHER ORDERED** that Plaintiff's Motion for Stay of District Court

21   Proceedings Pending Appeal (Doc. # 92) is DENIED;

22         **IT IS FURTHER ORDERED** that Federal Defendants' Renewed Motion to Allow

23   Non-Electronically Filed Administrative Record (Doc. # 109) is GRANTED;

24         **IT IS FURTHER ORDERED** that the Clerk of Court shall file into the record the

25   lodged CD-ROMs containing the administrative record;

26         **IT IS FURTHER ORDERED** that the Defendants shall, within fifteen (15) days of

-4-

1    this Order, file into the record a paper copy of the administrative record.

2            DATED this 29th day of August, 2007.

3

4

5                                            James A. Teilborg
                                             United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26